UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIS-KNIGHTON HEALTH SYSTEM, ET AL. | CIVIL ACTION NO. 02-1094 |
| versus | JUDGE HICKS |
| REGIONAL UROLOGY, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Regional Urology and the physician defendants filed a **Motion to Compel (Doc. 121)** that seeks to enforce a subpoena served on **First Health Group Corporation, Inc.** ("First Health"). By previous Order (Doc. 124), the court directed the clerk of court to issue a briefing schedule for the motion and advised Movants of their responsibility to ensure that both the motion and the briefing schedule were properly served on First Health.

Movants reported that First Health, about the time the order issued, began cooperating and produced a significant amount of responsive material, so the Movants never formally served First Health with that order and briefing schedule. The Movants anticipated the discovery issues would be resolved amicably, but it developed that a key piece of information was never produced by First Health, and Movants represented that the information is critical to understanding the materials that have been produced.

Movants were then directed to promptly serve on First Health a copy of their Motion to Compel and a related order and file in the record evidence of that service. Doc. 128.

First Health was permitted until August 29, 2005 to file a memorandum in opposition or other response to the motion.

The Movants filed an Affidavit of Service (Doc. 130) that represents that the Motion to Compel and the Court's Order were served on First Health, through its registered agent in Mandeville, Louisiana, by Federal Express delivery on August 18, 2005. That service was well in advance of the deadline for opposing the motion. Counsel for the Movants also represented in a letter to the court, which is not in the record, that a courtesy copy of the papers were served on Nicole Soneson at the First Health. Ms. Soneson is reported to be the person at the First Health home office with whom counsel for the Movants has been communicating about the document production.[1] First Health did not file any timely response.

Considering the lack of timely opposition, the **Motion to Compel (Doc. 121)** is **GRANTED** and First Health is ordered to respond fully and completely, on or before **September 30, 2005**, to the subpoena duces tecum issued to it by the movants. Movants do not request any additional relief in their motion, but failure of First Health without adequate excuse to obey a subpoena may be deemed a contempt of court. Fed. R. Civ. P. 45(e). Of course, failure to obey an order such as this one may also subject First Health to contempt. Movants are directed to promptly serve a copy of this order on First Health. If First Health

---

[1] Movants were also ordered to advise First Health of those portions of the motion that are moot in light of the productions thus far and direct its attention to the outstanding issues. There is no indication in the record that they did so.

does not comply with the order, Movants should seek any additional relief in connection with the subpoena or this order within 10 business days thereafter or the request will be denied as untimely. It is time to put this lingering discovery issue to an end.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 14 day of September, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE